TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. State Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TWO CARTONS OF RIFLE SIGHTS,<br><br>        Defendant. | No. 5:21-cv-00708<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>19 U.S.C. § 1595a(c)(1)(A)<br><br>[CBP] |

Plaintiff United States of America brings this claim against defendant Two Cartons of Rifle Sights, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action brought pursuant to 19 U.S.C. § 1595a(c)(1)(A).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is Two Cartons of Rifle Sights (the "defendant merchandise" or the "rifle sights") seized on March 28, 2017 by Customs and Border Protection ("CBP") officers following its arrival on February 24, 2017 at the United Parcel Service ("UPS") Regional Air Hub facility located at Ontario International Airport, 3140 Jurupa Street, Ontario, California.

6. The defendant merchandise is currently in the custody of CBP in this District, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Kent Wong ("Wong") may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. On February 24, 2017, merchandise described as "200 PCS ALUMINUM TUBE SAMPLE" (the defendant merchandise) on the shipping invoice and on the UPS shipping/tracking label attached to each shipping box, arrived in the United States from Hong Kong. The defendant merchandise's shipping invoice and UPS packaging label declared that the defendant merchandise was aluminum tubing, made in China, with a value of $410.00, consigned to Wong.

9. On February 24, 2017, UPS delivered the defendant merchandise to the UPS Ontario processing facility where a CBP officer conducted an enforcement examination of the defendant merchandise. A CBP officer examined and identified the defendant merchandise as 200 rifle sights, not aluminum tubing as listed on the

shipping label. The CBP officer detained the defendant merchandise and sent images of the rifle sights to the CBP Center for Excellence and Expertise-Machinery for review and confirmation.

10. On March 28, 2017, a CBP Import Specialist ("IS") at the CEE determined the defendant merchandise described as "aluminum tube sample" on the shipping invoice was in fact rifle sights. The CBP IS determined that the defendant merchandise had a value of $496.71.

11. On August 31, 2017, a CBP Staff Attorney contacted Wong to see if Wong was interested in abandoning the seized merchandise. Wong stated that the defendant merchandise was rifle scopes, not aluminum tubing samples.

12. Scopes are placed on top of a rifle and have crystal lenses, one in the front and one in the back of the scope, to amplify images, similar to binoculars. Rifle scopes often also contain crosshairs in the center. The defendant merchandise is rifle sights because the defendant merchandise does not contain lenses.

13. Rifle sights such as the defendant merchandise are intended more for assault weapons rather than recreational weapons.

14. A Specialist with the Bureau of Alcohol, Tobacco, Firearms and Explosives also confirmed that the defendant merchandise was rear aperture/rear peep rifle sights that are enumerated on the U.S. Munitions Import List and would require completion of an ATF Application and Permit for Importation of Firearms, Ammunition and Implements of War, but that such items are not importable if the items are from China.

15. In addition, the shipping label for the defendant merchandise stated that the defendant merchandise was classified under the Uniform Tariff Schedule as HTSUS code 761699900. There is

no such HTSUS code.  However, the code used by the importer appears to refer to HTSUS code 7616.99.5190, for "aluminum tube sample."  The merchandise should have been classified as "rifle sights," HTSUS code 9305.20.8060.a.

<u>FIRST CLAIM FOR RELIEF</u>

16.   Plaintiff United States incorporates by reference the allegations of paragraphs 1 through 15 above as though fully set forth herein.

17.   Based on the above, plaintiff alleges that there is probable cause to believe that the defendant merchandise is merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 542 (entry of goods by means of false statements) and § 545 (smuggling goods into the United States).  The defendant merchandise is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A).

<u>SECOND CLAIM FOR RELIEF</u>

18.   Plaintiff United States hereby incorporates by reference the allegations of paragraphs 1 through 15 above as though fully set forth herein.

19.   Based on the above, plaintiff alleges that there is probable cause to believe that the defendant is merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 541 (entry of goods falsely classified).  The defendant merchandise is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A).

WHEREFORE, plaintiff United States of America prays:

(a)   that due process issue to enforce the forfeiture of the defendant merchandise;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant merchandise to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: April 21, 2021

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Division

   */s/ Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>VERIFICATION</u>

I, Lee M. Baxley, hereby declare that:

1. I am a Fines, Penalties, & Forfeiture Officer with Customs and Border Protection.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2021, in Los Angeles, California.

LEE M BAXLEY
Digitally signed by LEE M BAXLEY
Date: 2021.04.20 10:59:14 -07'00'

LEE M. BAXLEY
Fines, Penalties & Forfeitures Officer
U.S. Customs and Border Protection