TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TWO CARTONS OF RIFLE SIGHTS,<br><br>    Defendant. | No. 5:21-CV-00708 JWH (SPx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST THE INTERESTS OF KENT WONG, FSI FIELD SPORT INC., AND ALL OTHER POTENTIAL CLAIMANTS; DECLARATION OF BRENT A. WHITTLESEY**<br><br>Hearing Date: September 3, 2021<br>Hearing Time: 9:00 a.m.<br>Courtroom: 2<br>Honorable John W. Holcomb |
|---|---|

Please take notice that on September 3, 2021, at 9:00 a.m., plaintiff United States of America ("government" or "plaintiff") will present a Motion for Entry of Default Judgment against the interests of Kent Wong, FSI Field Sport Inc., and all other potential claimants as to the defendant Two Cartons of Rifle Sights (the "defendant

merchandise") before the Honorable John W. Holcomb, George E. Brown Federal Building, United States Courthouse, 3470 12th St., Courtroom 2, Riverside, California 92501.

The motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Rules of Practice for the Central District of California. The motion is based upon this Notice of Motion and Motion for Entry of Default Judgment, the Memorandum of Points and Authorities, the Declaration of Brent A. Whittlesey, and other facts appearing in the court's file and upon such further evidence, oral or documentary, as may be presented prior to or at the hearing of this motion.

DATED: July 30, 2021               Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On April 21, 2021, plaintiff filed a Verified Complaint for Forfeiture against Two Cartons of Rifle Sights ("defendant merchandise") pursuant to 19 U.S.C. § 1595a(c)(1)(A).  See Declaration of Brent A. Whittlesey ("Whittlesey Dec.") at ¶ 2.

Process was executed upon the defendant merchandise by the Customs and Border Protection Office of Fines, Penalties & Forfeiture in accordance with Supplemental Rule E(4)(b) on June 16, 2021. Attached to the Whittlesey Dec. as Exhibit "A" is a true and correct copy of the executed process receipt filed with the court.  Id. at ¶ 3.

Beginning on April 26, 2021, notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Attached to the Whittlesey Dec. as Exhibit "B" is the true and correct copy of the internet Proof of Publication. Id. at ¶ 4.

    **A.   Notice of the Complaint for Forfeiture to Potential Claimants**

Notice to Kent Wong

On April 23, 2021, the United States sent notice of the Complaint to potential claimant Kent Wong ("Wong") at the following last known addresses:

    a.   Ontario, California;[1]

    b.   Gardena, California ("Gardena 1");

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of personal residential addresses are set for in this Application.

|   |   |   |
|---|---|---|
| c. | Corona, California; |
| d. | Westminster, California; |
| e. | Gardena, California ("Gardena 2"); |
| f. | South El Monte, California; |
| g. | Gardena, California ("Gardena 3"); |
| h. | Gardena, California ("Gardena 4"); and |
| i. | Gardena, California ("Gardena 5"). |

The notices were sent by certified mail with a claim letter describing the defendant merchandise and giving notice as to the time within which a claim and answer were required to be filed. Copies of the Complaint and the Notice of Seizure were also provided. The United States Postal Service certified mail return receipt for Wong at the Ontario, California address was returned "The addressee is no longer at this location. Please return to sender." Attached to the Whittlesey Dec. as Exhibit "C" is a true and correct copy of the claim letter and the returned envelope. The United States Postal Service certified mail return receipt for Wong at the Gardena 1 address indicates that the claim letter was received and accepted. Attached hereto as Exhibit "D" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card. The United States Postal Service certified mail return receipt for Wong at the Corona, California address indicates that the claim letter was received and accepted. Attached to the Whittlesey Dec. as Exhibit "E" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card. The United States Postal Service certified mail return receipt for Wong at the Westminster, California address indicates that the claim letter was received and accepted. Attached to the Whittlesey Dec. as

Exhibit "F" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card.  The United States Postal Service certified mail return receipt for Wong at the Gardena 2 address indicates that the claim letter was received and accepted.  Attached to the Whittlesey Dec. as Exhibit "G" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card.  The United States Postal Service certified mail return receipt for Wong and the South El Monte, California address was returned "PA 3371."  Attached to the Whittlesey Dec. as Exhibit "H" is a true and correct copy of the claim letter and the returned envelope.  The United States Postal Service certified mail return receipt for Wong and the Gardena 3 address was returned "UNK."  Attached to the Whittlesey Dec. as Exhibit "I" is a true and correct copy of the claim letter and the returned envelope. The United States Postal Service certified mail return receipt for Wong at the Gardena 4 address indicates that the claim letter was received and accepted.  Attached to the Whittlesey Dec. as Exhibit "J" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card. The United States Postal Service certified mail return receipt for Wong at the Gardena 5 address indicates that the claim letter was received and accepted.  Attached to the Whittlesey Dec. as Exhibit "K" is a true and correct copy of the claim letter and copy of the United States Postal Service return receipt card.
Id. at ¶ 5.

> Notice to FSI Field Sport, Inc.

On April 23, 2021, the United States sent notice of the Complaint to potential claimant FSI Field Sport, Inc. ("FSI") at the

3

last known address FSI Field Sport Inc., Steven Yongming Sui, Agent for Service of Process, 601 Dupont Ave., Ontario, CA 91761.  The notice was sent by certified mail with a claim letter describing the defendant merchandise and giving notice as to the time within which a claim and answer were required to be filed.  Copies of the Complaint and the Notice of Seizure were also provided.  The United States Postal Service certified mail tracking sheet indicates that the claim letter was received and accepted. Attached to the Whittlesey Dec. as Exhibit "L" is a true and correct copy of the claim letter and copy of the United States Postal Service tracking sheet.  Id. at ¶ 6.

In accordance with Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the time for potential claimants Wong and FSI to file a claim in this action expired May 28, 2021 and the time to file an answer expired on June 18, 2021.  Id. at ¶ 7.

### B.   Other Notice Requirements

In accordance with Supplemental Rule G(5), all interested parties who did not receive direct notice were required to file a claim no later than 60 days after the first day of publication on an official internet government forfeiture site and an answer within 21 days thereafter.  The first day of publication of the complaint on the government forfeiture site was April 26, 2021.  Accordingly, the time to file a claim and answer for all interested parties expired on June 25, 2021, and July 16, 2021, respectively. Id. at ¶ 8.

Plaintiff has not received a filed claim or answer from potential claimants Wong, FSI or any other potential claimant.  Id. at ¶ 9.

4

On information and belief, potential claimant Wong is neither a minor nor incompetent person. Id. at ¶ 10.

On information and belief, potential claimant Wong does not serve in the U.S. Military; accordingly, the Servicemembers Civil Relief Act of 2003 does not apply. Id. at ¶ 11.

On July 20, 2021, a Default by Clerk was entered against the interests of Kent Wong, FSI Field Sport, Inc., and all other potential claimants. ECF No. 15. Id. at ¶ 12.

On the date of filing, this Notice of Motion and Motion for Default Judgment was served by U.S. mail on potential claimants Wong and FSI at their last known addresses. Id. at ¶ 13.

## II. ARGUMENT

### A. THE STANDARD FOR ENTRY OF DEFAULT JUDGMENT

#### 1. THE EITEL FACTORS

After the Clerk has entered default for failure to plead or otherwise defend an action, the court may enter judgment by default on the plaintiff's complaint. Fed. R. Civ. P. 55(a), 55(b)(2). Default judgments "are more often granted then denied." PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (Paez, J.). When exercising this discretion, courts typically consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

5

Federal Rules of Civil Procedure favoring decisions on the merits.
Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the "Eitel factors"). Furthermore, when considering whether to grant default judgment, courts generally assume the factual allegations of the complaint to be true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987).

The Eitel Factors in this case weigh heavily in support of default judgment. The plaintiff would be highly prejudiced if default judgment was not granted, because "it would be forced to continue the litigation even though no party has filed an answer or a claim." United States v. Approximately $194,752 in U.S. Currency, Slip Copy, 2011 WL 3652509, *3 (N.D. Cal.). Additionally, as discussed in detail below, the government has alleged sufficient facts in the complaint to prove that the defendant merchandise is merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 542 (entry of goods by means of false statements) and § 545 (smuggling goods into the United States) and is merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 541 (entry of goods falsely classified). The defendant merchandise is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A). Furthermore, there is no dispute as to material facts because neither Wong, FSI nor any other party has filed any claim to the defendant merchandise or has otherwise entered an appearance in this case. Accordingly, there are no claims to adjudicate in this case. While policy considerations favor a

decision on the merits, it is not possible to decide this case on the merits with respect to the defendant merchandise since no potential claimant exists to contest forfeiture of the defendant. Therefore, default judgment is appropriate.

### 2. PROCEDURAL REQUIREMENTS

A party seeking default judgment must establish: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act (50 App. U.S.C. §§ 3901-4043 § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2); L.R. 55. As set forth above, these procedural requirements have been met.

### 3. FAILURE TO FILE A CLAIM AND ANSWER

In order to contest a forfeiture action, a claimant must have article III and statutory standing. United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 & n. 3 (10th Cir. 2008); United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir. 1998); United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989). A verified claim is a prerequisite to establishing statutory standing. United States v. 2007 Chrysler 300 Touring, Slip Copy, 2011 WL 1119701 (D.N.M.) (citing U.S. v. $11,918.00, 2007 WL 3037307 (E.D. Cal.)). As noted above, no party has filed any claim to the defendant merchandise or has otherwise entered an appearance in this case. Therefore, there are no claims

to adjudicate in this case with respect to the defendant Two Cartons of Rifle Sights.

**III. THE COMPLAINT'S ALLEGATIONS ESTABLISH THAT THE DEFENDANT MERCHANDISE IS SUBJECT TO FORFEITURE**

The government alleged the following facts in the complaint:

On February 24, 2017, the defendant merchandise arrived in the United States from Hong Kong. The defendant merchandise's shipping invoice and UPS packaging label declared that the defendant merchandise was aluminum tubing, made in China, with a value of $410.00, consigned to Wong. See Verified Complaint at ¶ 8.

On February 24, 2017, a CBP officer identified the defendant merchandise as 200 rifle sights, not aluminum tubing as listed on the shipping label. The CBP officer detained the defendant merchandise and sent images of the rifle sights to the CBP Center for Excellence and Expertise-Machinery ("CEE") for review and confirmation. Id. at ¶ 9.

On March 28, 2017, a CBP Import Specialist ("IS") at the CEE determined the defendant merchandise described as "aluminum tube sample" on the shipping invoice was in fact rifle sights with a value of $496.71. Id. at ¶ 10.

On August 31, 2017, a CBP Staff Attorney contacted Wong to see if Wong was interested in abandoning the seized merchandise. Wong stated that the defendant merchandise was rifle scopes, not aluminum tubing samples. Id. at ¶ 11.

Scopes are placed on top of a rifle and have crystal lenses, one in the front and one in the back of the scope, to amplify images, similar to binoculars. Rifle scopes often also contain crosshairs in

8

the center. The defendant merchandise is rifle sights because the defendant merchandise does not contain lenses. Id. at ¶ 12.

Rifle sights such as the defendant merchandise are intended more for assault weapons rather than recreational weapons. Id. at ¶ 13.

A Specialist with the Bureau of Alcohol, Tobacco, Firearms ("ATF") and Explosives also confirmed that the defendant merchandise was rear aperture/rear peep rifle sights that are enumerated on the U.S. Munitions Import List and would require completion of an ATF Application and Permit for Importation of Firearms, Ammunition and Implements of War, but that such items are not importable if the items are from China. Id. at ¶ 14.

The shipping label for the defendant merchandise stated that the defendant merchandise was classified under the Uniform Tariff Schedule as HTSUS code 761699900. There is no such HTSUS code. However, the code used by the importer appears to refer to HTSUS code 7616.99.5190, for "aluminum tube sample." The merchandise should have been classified as "rifle sights," HTSUS code 9305.20.8060.a. Id. at ¶ 15.

Based on the above, plaintiff alleges that the defendant merchandise is merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 542 (entry of goods by means of false statements) and § 545 (smuggling goods into the United States), and merchandise introduced or attempted to be introduced into the United States of America in violation of 18 U.S.C. § 541 (entry of goods falsely classified). The defendant merchandise is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A). Id. at ¶¶ 18-19.

///

9

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion for a default judgment.

DATED: July 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA