UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TWO CARTONS OF RIFLE SIGHTS,<br><br>　　　　Defendant. | Case No. 5:21-cv-00708-JWH-SPx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. 17]** |

Before the Court in this *in rem* action is the motion of Plaintiff United States of America for default judgment.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support, and in the absence of any opposition, the Court orders that the Motion is **GRANTED**, as set forth herein.

## I.  BACKGROUND

The defendant in this *in rem* case is Two Cartons of Rifle Sights (the "Defendant Merchandise"). The facts as alleged in the Government's Verified Complaint for Forfeiture[2] are as follows:

The rifle sights at issue arrived at the UPS Regional Air Hub Facility at the Ontario International Airport in Ontario, California, in February 2017.[3] The Defendant Merchandise was shipped from Hong Kong. It was consigned to Kent Wong, and a label on its packaging described its contents as "200 PCS ALUMINUM TUBE SAMPLE[.]"[4] In spite of that label, a Customs and Border Protection ("CBP") officer examined and identified the Defendant Merchandise as 200 rifle sights rather than aluminum tubing.[5] The officer subsequently detained the Defendant Merchandise.[6] The next month, a CBP specialist confirmed that the Defendant Merchandise did indeed consist of rifle sights.[7] CBP officials later seized the rifle sights from the UPS facility.[8]

---

[1]  Pl.'s Mot. for Default J. Against the Interests of Kent Wong FSI Field Sport Inc., and All Other Potential Claimants (the "Motion") [ECF No. 17].
[2]  Pl.'s V. Compl. for Forfeiture (the "Complaint").
[3]  *Id.* at ¶ 5.
[4]  *Id.* at ¶ 8.
[5]  *Id.* at ¶ 9.
[6]  *Id.*
[7]  *Id.* at ¶ 10.
[8]  *Id.* at ¶ 5.

The rifle sights are intended to be used with assault weapons, and they are not importable from China.[9] In addition, the shipping label (1) included a nonexistent HTSUS code for classification under the Uniform Tariff Schedule; and (2) appears to reflect an attempt to misclassify the Defendant Merchandise as aluminum tube samples, rather than rifle sights.[10]

The Government alleges that probable cause exists to believe that the rifle sights were introduced into the United States in violation of 18 U.S.C. § 541 (entry of goods falsely classified), § 542 (entry of goods by false statement), and § 545 (smuggling goods into the United States).[11] The Government further asserts that because the rifle sights were introduced into the United States in violation of 18 U.S.C. §§ 541, 542, and 545, they are subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A).[12]

## II.  LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may order default judgment following the entry of default by the Clerk of the Court.  This Court's Local Rules require applicants for default judgment to include a declaration that conforms to the requirements of Rule 55(b) and that sets forth the following information:

> (a) When and against which party the default was entered; (b) The identification of the pleading to which default was entered; (3) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not

---

[9] *Id.* at ¶¶ 13-14.
[10] *Id.* at ¶ 15.
[11] *Id.* at ¶ 17, 19.
[12] *Id.*

apply; and (5) That notice of the application has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

L.R. 55–1.

Whether to enter default judgment is a decision committed to the sound discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for a court to consider in determining whether to grant default judgment:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. Upon the entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. *See TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of its damages, and a court may rely exclusively on the declarations submitted by the plaintiff or may order a full evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2). Further, the damages that the plaintiff seeks must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

The Government moves this Court to enter default judgment in this *in rem* action.[13] Specifically, the Government seeks the forfeiture of the defendant

---

[13]  *See* Motion.

rifle sights, for disposition according to law.[14] To obtain a default judgment, the Government must meet the procedural requirements described above and must establish that, on balance, the *Eitel* factors weigh in its favor.

**A.     Procedural Requirements**

The Government has satisfied the procedural requirements for the entry of default judgment. Pursuant to Rule 55, the Government did not petition for the entry of default judgment until after default was entered by the Clerk. Additionally, the Government's moving papers include a declaration by Assistant United States Attorney Brent A. Whittlesey that provides the information required by the Local Rules.[15] Whittlesey also represents that notice of this Motion was served by mail on Wong and the other potential claimants, including FSI Field Sport, Inc.[16]

**B.     *Eitel* Factors**

    **1.     Possibility of Prejudice to the Government**

The Government would suffer prejudice if the Court does not enter default judgement. Because no potential claimant has appeared in this action, a default judgment is the only means by which the Government may obtain relief. In the absence of a default judgment, the Government would "be forced to continue the litigation even though no party has filed an answer or a claim." *United States v. Approximately $194,752 in U.S. Currency*, 2011 WL 3652509, *3 (N.D. Cal. Aug. 19, 2011). Therefore, this factor weighs in favor of the entry of default judgment. *See also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding that the plaintiff would suffer prejudice absent the

---

[14]     Complaint ¶ 19.
[15]     Motion at 7:5-15.
[16]     Decl. of Brent A. Whittlesey [ECF No. 17-1] at ¶¶ 5 & 6. The Government does not explain the relationship of FSI Field Sport, Inc. to Wong or to the Defendant Merchandise.

entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

### 2. Substantive Merits of the Government's Claim

The second and third *Eitel* factors concern the merits of the Government's substantive claim and the sufficiency of the Complaint, respectively. *Eitel*, 782 F.2d at 1471-72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). The Government has averred sufficiently detailed facts, now taken as true, that the Defendant Merchandise was shipped to the United States in violation of 18 U.S.C. §§ 541-2 & 545, and the Defendant Merchandise is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A). In view of the detailed nature of the facts and the nature of the relief that the Government requests, the Court finds that these factors favor default judgment.

### 3. Sum of Money at Stake

The fourth *Eitel* factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Because the known potential claimants were specifically informed by the Government of the requirements to file a claim on or before May 28, 2021, and to file an answer within 21 days thereafter, their failure to do so renders this matter an *in rem* action. Thus, notwithstanding the sum of money at issue here, the Court finds this *Eitel* factor inapplicable to this case.

### 4. Possibility of Dispute Concerning Material Facts

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. *See TeleVideo*, 826 F.2d at 917; *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the

court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because no potential claimant has appeared in this action nor asserted any defense, it is unlikely that disputes regarding material facts will arise. Accordingly, this factor favors the entry of default judgment.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth factor, the Court must consider whether a defendant's default may have been due to excusable neglect. *See Eitel*, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). In the instant case, all known potential claimants were served with the summons and Complaint on April 21, 2021.[17] Additionally, a notice of Civil Forfeiture was posted on an official government internet site for at least 30 consecutive days.[18] Accordingly, the potential claimants' failure to respond was not the product of excusable neglect. Thus, this factor favors the entry of default judgment.

### 6. Policy Favoring Decision on the Merits

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where a defendant fails to appear and respond, default judgment is appropriate. *See Wecosign*, 845 F. Supp. 2d at 1083. Here, the potential claimants' failure to appear or defend against this action makes a decision on the merits impracticable. Therefore, this factor weighs in favor of a default judgment.

---

[17] *See* Declaration of Brent A. Whittlesey ¶ 12; Exs. A-I [ECF No. 17-2].
[18] *Id.*, Ex. B [ECF No. 17-2].

On balance, the *Eitel* factors weigh in favor of the entry of default judgment here. Thus, the Court **GRANTS** the Government's instant Motion for default judgment.

### C. Requested Relief

The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove up" the amount of damages. *Aifang v. Velocity VIII, L.P.*, 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016). Here, the Verified Complaint for Forfeiture matches the relief sought in the Motion for default judgment.[19]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Government's instant Motion for default judgment is **GRANTED**.

2. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: April 4, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[19] *Compare* Complaint at ¶ 1 *with* Motion at 9:26-27.